# BELL, BOYD & LLOYD LLC

70 West Madison Street, Suite 3100 • Chicago, Illinois 60602-4207
312.372.1121 • Fax 312.827.8000

August 4, 2006

**_VIA FACSIMILE TO (312) 627-1717_**
David O. Yuen, Esq.
Tressler, Soderstrom, Maloney & Priess
233 S. Wacker Drive, 22nd Floor
Chicago, IL 60606

      Re:  *American Louver Co., et al. v. Surge Control Systems, LLC, et al.*
            N.D. Ill. Civil Action No. 06-CV-3172

Dear Dave:

    I represent the Defendants in the suit recently filed by your clients American Louver Company and Glass Gorham Company (hereinafter collectively "Glass Gorham").

    This case must be dismissed immediately. First, there is no basis for jurisdiction in Federal Court. The Court dismissed Glass Gorham's claims with prejudice under the original lawsuit after the parties entered into a settlement agreement (N.D. Ill. Civ. Action No. 03-CV-6871). Almost two years later, Glass Gorham filed a motion with the Court to reinstate the case based on Defendants' alleged breach of the settlement agreement. In response to Glass Gorham's request, the Court refused to exercise jurisdiction over the matter stating "the case was dismissed with prejudice." (D.I. 31 at 2). The Court went on to state that "the settlement agreement is a contract, and since there is no independent basis for jurisdiction, *the dispute must be raised in state court.*" (*Id.* at 3).

    Nevertheless, Glass Gorham initiated the present lawsuit, in federal court, seeking both enforcement of the settlement agreement and reinstatement of the original claims dismissed by the Court with prejudice. This is improper and lacks any legal basis:

> An order entered by consent of the parties operates to the same extent for purposes of *res judicata* as a judgment entered after contest, because it is conclusive with respect to the matters settled by the order, judgment, or decree. Any other interpretation would effectually nullify all settlements because the same claim would be subject to the possibility of future litigation and double recovery.

*Elliott v. LRSL Enterprises, Inc.*, 589 N.E.2d 1074, 1077 (Ill. App. 1992); *see also Gillilan v. Trustees for Central States*, 539 N.E.2d 303 (Ill. App. 1989) ("A dismissal with prejudice

chicago • washington

770051/D/1

**EXHIBIT B**

David O. Yuen, Esq.
August 4, 2006
Page 2

entered pursuant to a settlement agreement constitutes a final judgment on the merits sufficient for application of *res judicata*.").

Counts I and II of Glass Gorham's Complaint are therefore barred by the doctrine of *res judicata* as the Court dismissed these claims with prejudice. Count III, a breach of settlement agreement claim, is insufficient to confer federal diversity jurisdiction as the amount in controversy is only $50,000. See 28 U.S.C. §1332(a) ("The district courts shall have original jurisdiction of all civil action where the amount in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs*.").

Thus, Glass Gorham has no legal jurisdictional basis for bringing this lawsuit in federal court. For these reasons, Glass Gorham must immediately dismiss this lawsuit.

The second reason why Glass Gorham's suit must be dismissed immediately is that Defendants have repeatedly offered to pay under the terms of the settlement agreement provided Glass Gorham offers proof that it destroyed or otherwise modified the manufacturing molds as required by the agreement. Absent this proof, Glass Gorham is in breach of the settlement agreement and is not entitled to any recovery. Although first requested by Defendants in November of 2005, Glass Gorham continues to refuse to prove its compliance with the settlement agreement yet, amazingly, seeks Defendants' payment under that same agreement. This is improper. No Court will order Defendants to pay Glass Gorham any amount until Glass Gorham proves it has complied with it's end of the agreement—especially since Defendants have evidence suggesting Glass Gorham has not complied.

The bottom line is Defendants are willing to pay the outstanding $25,000 payment, due last December, as soon as they receive proof that Glass Gorham destroyed or modified the manufacturing molds.[1] The remaining $25,000 due will be paid this December, in accordance with the date set forth in the settlement agreement. Glass Gorham's refusal to accept payment under the terms of the agreement, while simultaneously refusing to offer any proof that it has complied with the agreement, is unjustified.

Pursuant to Federal Rule of Civil Procedure 11, we are giving Glass Gorham 21 days to dismiss its Complaint. If Glass Gorham refuses to dismiss its Complaint by August 25, 2006, we will be seeking sanctions for Glass Gorham's vexatious and unjustified conduct, including payment of Defendants' attorneys' fees. Glass Gorham's continued pursuit of this matter violates the following provisions of Fed. R. Civ. P. 11:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

---

[1] As stated on numerous occasions, Defendants were willing to make this $25,000 payment upon the original due date had Glass Gorham provided proof last November that they had destroyed or modified the manufacturing molds.

David O. Yuen, Esq.
August 4, 2006
Page 3

    (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

  We look forward to hearing from you within the next 21 days. Please contact me if you have any questions or concerns.

        Sincerely,

        *C. J. Fahy* (signature)

        C. J. Fahy

Copy to William F. Wilson