IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH

| | | |
|---|---|---|
| AMERICAN LOUVER COMPANY,<br>GLASS GORHAM COMPANY,<br><br>             Plaintiffs,<br><br>  v.<br><br>SURGE CONTROL SYSTEMS, LLC,<br>WILLIAM F. WILSON, and<br>KAY WILSON,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06 C 3172 |

## MEMORANDUM OPINION AND ORDER

Pending before this court are plaintiffs' motion to voluntarily dismiss without prejudice and defendants' separate motions to dismiss and for Rule 11 sanctions. Since plaintiffs' motion to voluntarily dismiss will be granted and defendants' sanction motion will be denied on procedural grounds, it is unnecessary to describe the substance of the claims in any detail nor is it necessary to resolve whether this court has proper jurisdiction over any of plaintiffs' present claims. All that is necessary is to sufficiently set forth the procedural background to explain why defendants cannot be entitled to sanctions.

Plaintiffs previously filed a federal lawsuit against these same parties that was before a different judge of this court. See American Louver Co. v. Surge Control Systems, LLC, No. 03 C 6871 (N.D. Ill.) (the "First Case"). Jurisdiction over the contract claims contained therein was based on diversity. The First Case was settled and dismissed with prejudice. Plaintiffs, however, later brought a motion in the First Case alleging that the settlement had been breached and seeking reinstatement of the case and entry of a judgment in accordance with terms of the settlement. Although the motion was initially granted, the court later determined that it had not properly retained jurisdiction to enforce the settlement and therefore lacked authority to consider plaintiffs' motion, which was denied. See American Louver Co. v. Surge Control Systems, LLC, 2006 WL 1371471 (N.D. Ill. May 15, 2006).

Thereafter, plaintiffs filed a new case against the same defendants, which is the action presently pending before this court (the "Second Case"). Counts I and II reassert the merits of the original contract claims against the two sets of defendants. Count III seeks enforcement of the settlement agreement. Defendants contend the first two claims would be barred on res judicata grounds based on the dismissal with prejudice of the First Case. They contend there is insufficient diversity jurisdiction over Count III because the alleged unpaid

settlement amounts are less than $75,000. Defendants contend that its arguments are so obviously correct that the Second Case is frivolous and subject to sanctions under Fed. R. Civ. P. 11.

On August 4, 2006, defendants faxed a letter to plaintiffs in which they explained why they believed the Second Case lacked merit and informed plaintiffs that, if they did not voluntarily dismiss the case within 21 days,[1] defendants would move for Rule 11 sanctions. On August 28, 2006, defendants personally served plaintiffs with a copy of their sanctions motion. In the accompanying cover letter, defendants stated "Following up on our letter of August 4, 2006 and pursuant to Federal Rule of Civil Procedure 11, we are giving Glass Gorham 21 days to dismiss its Complaint. If Glass Gorham refuses to dismiss its Complaint by September 18, 2006, we will file the attached motion for sanctions which is served on you together with this letter."

In a letter dated August 31, 2006, plaintiffs expressed disagreement with defendants' contention that the Second Case was subject to dismissal. They contended that breach of the

---

[1]The 21-day period refers to the safe harbor provision of Rule 11. See Fed. R. Civ. P. 11(c)(1)(A). In the letter, defendants indicate the 21 days would end on August 25, 2006. However, even assuming this letter began that 21-day period, the letter was sent by fax so three days would be added making the expiration of the period Monday, August 28, 2006. See Fed. R. Civ. P. 6(e); Bosley v. WFMJ Television, Inc., 2006 WL 2474961 (N.D. Ohio Aug. 25, 2006).

settlement agreement prevented <u>res judicata</u> from applying to the contract claims and that the contract claims themselves were in excess of the jurisdictional amount requirement. Plaintiffs, though, did not expressly state that they would not voluntarily dismiss the Second Case. They did suggest that the parties could still agree to complete performance under the settlement agreement.

On September 15, 2006, defendants filed their motion to dismiss the Second Case and noticed it for presentation on September 20, 2006. On September 18, 2006 at 9:54 a.m., defendants electronically filed their motion for sanctions, which they also noticed for presentation on September 20. In the motion, defendants refer to their August 28, 2006 letter as the required pre-filing notice of their sanction motion and attach a copy of that letter as an exhibit to the motion. Later on September 18, at 5:24 p.m., plaintiffs filed their motion to voluntarily dismiss their complaint.[2] In their response to the motion for sanctions, plaintiffs contend they are protected by the safe harbor because they moved to voluntarily dismiss within 21 days of being served with the sanctions motion on August 28.

---

[2]In response to the motion for sanctions, plaintiffs represent that they still believed their complaint was sufficient, but chose to instead file an action in state court in order to avoid a battle regarding jurisdiction in the federal court.

In their reply, defendants argue for the first time that the August 4 letter began the running of the 21-day safe harbor period.

Rule 11(c)(1)(A) provides, in part, that a Rule 11 sanction motion "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Defendants do not dispute that timely moving to dismiss the action within the 21-day safe harbor period precludes imposing Rule 11 sanctions on defendants' motion. They, however, contend that the 21-day period expired on August 25, 2006, 21 days after their August 4 letter. As previously noted, since the letter was sent by fax, Fed. R. Civ. P. 6(e) provides that a 21-day period would have expired on August 28, 2006.

Although Rule 11(c)(1)(A) refers to serving the motion itself in advance,[3] the Seventh Circuit has held that a letter

---

[3]Defendants' conduct was consistent with the official commentary to the 1993 amendment to Rule 11 which states in part: "To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the 'safe harbor' period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a

that substantially complies with this requirement is sufficient to began the 21-day period. See <u>Nisenbaum v. Milwaukee County</u>, 333 F.3d 804, 808 (7th Cir. 2003); <u>Henderson v. Jupiter Aluminum Corp.</u>, 2006 WL 361063 *6 (N.D. Ind. Feb. 15, 2006). Even assuming defendants' August 4 letter substantially complied with the requirement to serve the motion in advance, they still would not be entitled to sanctions. First, defendants' motion expressly relies on the August 28 service as the safe harbor notice. They do not refer to the August 4 letter until their reply. It is inappropriate to raise a new contention in a reply. But even ignoring that, there is another reason that the sanction motion was premature.

Even if the August 4 letter began the running of the safe harbor period, plaintiffs had until August 28 to withdraw their complaint. On that date, defendants further extended the time to withdraw the complaint until September 18. The party potentially moving for Rule 11 sanctions may voluntarily permit the opposing party more than 21 days. See, e.g., <u>Long v. United States Department of Justice</u>, 207 F.R.D. 4, 6 (D.D.C. 2002). Recognizing such voluntary extensions is consistent with the purposes behind the safe harbor provision, allowing the parties

---

potential violation before proceeding to prepare and serve a Rule 11 motion." See also Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure: Civil 3d</u> § 1337.2 at 725-26 & nn. 7-8 (2004).

further opportunity to resolve the litigation without the need of filing a sanctions motion. Here, defendants voluntarily extended the safe harbor period. However, they then jumped the gun. Instead of waiting for the safe harbor period to fully expire, defendants filed their motion on the morning of the last day that plaintiffs had to withdraw their complaint. Later in the day, before the safe harbor period expired, plaintiffs moved to voluntarily dismiss their complaint. Since plaintiffs filed their voluntary dismissal motion within the safe harbor period, defendants are not entitled to sanctions.

IT IS THEREFORE ORDERED that plaintiffs' motion to voluntarily dismiss [22] is granted. Defendants' motion to dismiss [17] is denied without prejudice as moot. Defendants' motion for sanctions [20] is denied. Plaintiffs' cause of action is dismissed without prejudice.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JULY 12, 2007